UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYLER BAKER, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>PHYTAGE LABORATORIES,<br><br>   Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Tyler Baker ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief against PhytAge Laboratories ("Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2. This Court has personal jurisdiction over Defendant because the Defendant resides in this District.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## PARTIES

4. Plaintiff Tyler Baker, at all times mentioned herein, has resided in and has been a citizen of the State of Vermont.

5. Defendant PhytAge Laboratories is a corporation organized under the laws of Wyoming, with a principal place of business at 177 Huntington Ave., Suite 179294, Boston, MA 02115.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Plaintiff's residential phone number has been registered with the National Do-Not-Call Registry since November 4, 2004.

7. Plaintiff was the subscriber who registered his residential phone number on the National Do-Not-Call Registry.

8. Defendant is a manufacturer of vitamin supplements that generates substantial

1

profits from soliciting its products through telemarketing.

9. Defendant and/or one of Defendant's agents texted Plaintiff on his cellular telephone from the number 91957 three times between March 25, 2021, through March 27, 2021.

10. Defendant and/or one of Defendant's agents placed this message without Plaintiff's prior consent. These messages were sent for the purpose of marketing Defendant's vitamin supplement products.

11. On March 27, 2021, Plaintiff replied "STOP" to Defendant's telemarketing messages. Immediately, another text message appeared informing Plaintiff that he was unsubscribed from Defendant's messaging list.

12. Defendant and/or one of Defendant's agents sent four additional text messages to Plaintiff between September 22, 2021 through September 25, 2021 from the number 91957. Each message addressed Plaintiff by the name "Travis," and were made for the purpose of marketing Defendant's vitamin supplement products. Such messages were made without Plaintiff's prior express consent.

13. Defendant and/or one of Defendant's agents sent seven additional text messages to Plaintiff between November 14, 2022 through November 21, 2022 from the number 833-653-4720. All seven messages were made for the purposes of marketing Defendant's vitamin supplement products without Plaintiff's prior express consent.

14. Plaintiff knows these texts were made by Defendant and/or one of Defendant's agents because a link was provided in each message directing Plaintiff back to Defendant's website. Although Plaintiff had visited Defendant's website, he has never purchased any items from Defendant and never provided consent to receive telemarketing messages from Defendant.

15. Defendant knowingly sent (and continues to send) unsolicited telemarketing

messages to the telephones of Plaintiff and other consumers without the prior express written consent of the call recipients.

16. In sending these messages, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA. Such calls are also harassing and a nuisance for Plaintiff and putative class members.

## CLASS ACTION ALLEGATIONS

17. **Class Definitions**: Plaintiff brings this Complaint against Defendant, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following Classes:

> **National DNC Class:** All persons in the United States whose numbers are listed on the national do-not-call registry, and received two or more telemarketing calls within any 12-month period from Defendant or its agents to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").
>
> **Internal DNC Class ("IDNC Class"):** All persons in the United States who received two or more telemarketing calls within any 12-month period from Defendant or its agents at least thirty-one (31) days after requesting to be placed on Defendant's do not call list or requesting that Defendant stop calling them at any time during the Class Period.

18. Plaintiff represents, and is a member of, the proposed Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

19. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendant's business, that the Classes are so numerous that individual joinder would be impracticable.

20.     **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

21.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

22.     The proposed Classes can be identified easily through records maintained by Defendant.

23.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to Plaintiff and class members without their prior express consent;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Defendant is liable for damages, and the amount of such damages; and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

24.     **Typicality.** Plaintiff asserts claims that are typical of each member of the Classes because they are all persons who received telemarketing calls on their telephones without their prior express written consent. Plaintiff will fairly and adequately represent and protect the

interests of the proposed classes and has no interests which are antagonistic to any member of the proposed class.

25. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Classes, and has no interests which are antagonistic to any member of the proposed Classes.

26. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

27. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

28. Classwide relief is essential to compel Defendant to comply with the TCPA.

29. The interest of the members of the proposed Classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

30. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

31. Defendant has acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate.

32. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.**

33. Plaintiff incorporates by reference paragraphs one (1) through thirty-two (32) of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the Classes against Defendant.

34. The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Classes are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

37. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.**

38. Plaintiff incorporates by reference paragraphs one (1) through thirty-two (32) of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the Classes against Defendant.

39. The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

40. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Classes are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and members of the proposed Classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

42. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Classes the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

e.      Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 28, 2023          Respectfully submitted,

**REARDON SCANLON LLP**

By:   */s/ James J. Reardon, Jr.*
        James J. Reardon, Jr. (BBO #566161)

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT 06107
Telephone: (860) 955-9455
Facsimile: (860) 920-5242
E-Mail: james.reardon@reardonscanlon.com

*Local Counsel for Plaintiff*

**BURSOR & FISHER, P.A.**
Yitzchak Kopel (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: ykopel@bursor.com

*Attorney for Plaintiff*